IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN LERNER,** | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-4157** |
| | : | |
| **CITY AND COUNTY OF** | : | |
| **PHILADELPHIA,** | : | |
| *Defendant*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                   **SEPTEMBER 5, 2024**

Nathan Lerner brings this *pro se* civil action alleging that his rights were violated when he was evicted from a residential property he leased in Philadelphia, Pennsylvania. Lerner essentially seeks reversal of the state court judgment that resulted in his eviction. For the following reasons, the Court will grant Lerner leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Lerner alleges that he resided at Connelly House, 1212 Ludlow Street, Philadelphia, Pennsylvania. (Compl. at 2.) He claims that this location is a "HUD property" and that he has a "legally binding HUD Lease for Apartment #706" that is dated January 29, 2024, but currently resides at a homeless shelter. (*Id.*) Lerner has been diagnosed with several mental health disorders and has suffered several strokes, one of which occurred on June 25, 2024, during his eviction from Connelly House. (*Id.* at 3.) He also was treated in August 2024 for an ongoing heart condition. (*Id.* at 4.)

---

[1]      The following factual allegations are taken from the Complaint and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

This case is based on a landlord/tenant action that 1212 Ludlow Limited Partnership filed against Lerner in state court. (ECF No. 2-1 at 26-54.) The publicly available state court docket system reveals that judgment for possession was entered in that case by the Philadelphia Municipal Court in favor of 1212 Ludlow Limited Partnership and against Lerner in the amount of $1,439 on August 10, 2023, on the basis of "non-payment of rent and termination of the term." *See 1212 Ludlow Limited Partnership v. Nathan Lerner AKA/DBA: and all other occupants 1212 Ludlow Street #706*, LT-23-06-15-4149 (Phila. Mun. Ct.). Lerner appealed that judgment to the Philadelphia Court of Common Pleas and filed preliminary objections. *Id.*; (*see also* ECF No. 2-1 at 31.) The docket for the Common Pleas case reflects that a judge overruled Lerner's preliminary objections on October 18, 2023, and directed him to file an answer. (ECF No. 2-1 at 32.) Lerner filed an interlocutory appeal with the Pennsylvania Superior Court on November 17, 2023 challenging the overruling of his preliminary objections, as well as a second interlocutory appeal on December 18, 2023, challenging an order denying Lerner's request to file an interlocutory appeal. (*See* Compl. at 5; ECF No. 2-1 at 36-37.) Lerner's first appeal was quashed *sua sponte* on February 12, 2024 as an improper interlocutory appeal challenging the overruling of his preliminary objections. *See 1212 Ludlow Ltd. Partnership v. Lerner*, 2928 EDA 2023 (Pa. Super. Ct.).

The matter was remitted to the Court of Common Pleas on March 19, 2024. *Id.* On April 23, 2024, a default judgment was entered against Lerner for failure to answer, and a writ of possession issued on May 8, 2024. (ECF No. 2-1 at 43, 45.) Lerner appealed that judgment, and his appeal and related appeals, including his appeal of the denial of permission to file an interlocutory appeal, were quashed on July 26, 2024. *See 1212 Ludlow Ltd. Partnership v. Lerner*, 1427-1429 EDA 2024 (Pa. Super. Ct.). Additionally, in the course of those appeals, the

Pennsylvania Superior Court denied Lerner's application for a stay of the Sheriff's eviction ordered by the Court of Common Pleas. *Id.*, 1429 EDA 2024 (June 4, 2024 Order).

Lerner filed the instant civil action on August 14, 2024 based on the landlord/tenant action. He alleges that Eric Feder, Director of the Office of Judicial Records of the Court of Common Pleas of Philadelphia County issued a default judgment and a writ of possession against Lerner on April 23, 2024, to satisfy a disputed debt. (Compl. at 4.) Lerner claims that because he had filed preliminary objections on September 25, 2023, the Office of Judicial Records was divested of jurisdiction at that time, and the default judgment and writ of possession were, therefore, void *ab initio*. (*Id.* at 5.) He further claims that jurisdiction was lacking, rendering the default judgment and related writ of possession void, because he had appealed the Court of Common Pleas order denying his request to file an interlocutory appeal. (*Id.*)

As alleged, Lerner was served with an eviction notice on May 13, 2024, by Sheriff's Deputy Jeffrey Hans. (*Id.* at 6.) Lerner was asked whether he had any "special conditions" and informed Deputy Hans that he had been diagnosed with schizophrenia and "other medical co-morbidities including inter alia, multiple strokes and advanced coronary occlusion requiring triple Coronary Artery Bypass Graft open heart surgery." (*Id.*) On June 2, 2024, Lerner wrote to Deputy Hans "and expressed his confusion about the situation due to his ongoing schizophrenia and his history of strokes." (*Id.*) Lerner alleges that he obtained a cashier's check on June 22, 2024, in the amount of $1,064[2] "which the Office of Judicial Records had issued as the entirety of the amount purportedly owed by" Lerner. (*Id.*) He obtained the check "in anticipation of exhausting the statutorily prescribed Pay and Stay administrative remedy provided by [68 Pa. C.S. §

---

[2] Lerner alleges that the Office of Judicial Records failed to credit him with $402.99 that was held in an escrow account. (Compl. at 6 n.2.)

3

250l.503]." (*Id.*) On June 24, 2024, when Sheriff's Deputy Joseph Fargnoli arrived to execute the writ of possession, Lerner attempted to provide Deputy Fargnoli with the check to "dissolve any prospective Writ of Possession." (*Id.* at 7.) Deputy Fargnoli "indicated his unfamiliarity with the statute," "expressed his skepticism that it existed," and refused to accept the check. (*Id.*) Lerner alleges that he also spoke with Sheriff Inspector Daniel Fallon and Samuel Scavuzzo, Chief of Staff for Renee Garcia, the Philadelphia City Solicitor, to utilize the Pay and Stay provisions but was not permitted to do so. (*Id.*)

According to Lerner, he was served with an Eviction Notice, but not a Writ of Possession, on June 25, 2024, by Deputies Hans and Fargnoli, and was evicted from the apartment that day. (*Id.*)[3] Lerner wrote to Ms. Garcia on June 28, 2024, and August 13, 2024, again requesting permission to pay outstanding rent so that he could remain in the apartment. (*Id.* at 8.) However, it appears his efforts have not been successful.

As relief, Lerner requests this Court to enter a declaratory judgment holding that the Writ of Possession served upon him "was inherently defective as to jurisdiction and was therefore void *ab initio*." (*Id.* at 8-10.) He also requests this Court to enter a declaratory judgment directing "the City/County Sheriff" to accept tender of $1,064 and dissolve the Writ of Possession. (*Id.* at 10-13.) Lerner further seeks damages violations of his rights under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and the Fair Debt Collection Practices Act ("FDCPA") by virtue of his eviction pursuant to the writ of possession. (*Id.* at 13.) Lerner attached to his Complaint several exhibits in support of his claims. (*See* ECF No. 2-1 at 1-76.)

---

[3]   Lerner claims that he was not served with "a statutorily mandated Writ of Possession" and only was served with a Notice to Vacate on May 13, 2024, and an Eviction Notice on June 25, 2024. (Compl. at 8.)

4

## II.     STANDARD OF REVIEW

The Court will grant Lerner leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, --- F.4th ---, 2024 WL 3820969 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Lerner is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at

\*3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and "apply the applicable law, irrespective of whether the pro se litigant mentioned it be name," *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Additionally, the Court must dismiss the matter if it determines that the Complaint fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III.   DISCUSSION

Lerner requests this Court to enter a declaratory judgment holding that the writ of possession served upon him was void because the state court lacked jurisdiction to issue the default judgment and writ of possession, which led to his eviction.  (*See* Compl. at 10-13.)  While he also contends that he was not permitted to utilize Pennsylvania's "Pay and Stay" remedy, the gravamen of Lerner's Complaint concerns the state court judgment and writ of possession that led to his eviction.[4]  The Court lacks jurisdiction over his claims.

---

[4]     Lerner also mentions the FHA, ADA, FDCPA, the due process clause, as well as various HUD regulations.  (*See, e.g.,* Compl. at 1-2, 4, 8, 12-13.)  Such passing references are not sufficient to raise claims under these principles.  *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at \*7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at \*2 n.1 (D.N.J. Oct. 18, 2018).  In any event, the Complaint does not provide any factual basis for claims under these concepts, so the Court will not discuss any such claims further.

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Worthless Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.*

Here, Lerner seeks review and rejection of an adverse state-court judgment that resulted in his eviction and that became final prior to the filing of his Complaint in this case. (ECF No. 2-1 at 27 (listing status as "judgment by default/final disp").) First, the state court ruled against Lerner by entering the default judgment against him for nonpayment of rent and subsequently issuing a writ of possession for the property he leased. Lerner appealed that judgment (along with many others) and his appeal was quashed. Second, the injuries for which Lerner seeks to recover in this

---

Because declaratory relief is unavailable to adjudicate past conduct, Lerner's request for declaratory relief also is improper, and may be dismissed on that alternative basis. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84; *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

case were caused by the state court judgment and execution of the writ of possession. Third, the default judgement and writ of possession were entered prior to the commencement of the case at bar, which was initiated in August 2024, and Lerner's appeal of the default judgment was quashed beforehand as well. Fourth, ruling in favor of Lerner would require the Court to effectively void the decisions of the Pennsylvania courts.

Accordingly, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review his claims. *See Nelson v. United States Corp.*, No. 21-2807, 2023 WL 8701297, at *3 (E.D. Pa. Dec. 15, 2023) ("Courts have routinely held that federal actions challenging ejection proceedings or foreclosure actions in state court, including the enforcement of a writ of possession issued by a state court, are barred by the *Rooker-Feldman* doctrine.") (collecting cases); *see also Kuznicki v. Nat'l Church Residences of Penn Hills, PA*, No. 23-2143, 2024 WL 129842, at *3 (W.D. Pa. Jan. 11, 2024) ("[T]he Court . . . cannot directly or indirectly review, negate, void or provide relief that would invalidate the judgment of eviction."); *Banning v. Wells Fargo Bank, N.A.*, No. 23-0763, 2024 WL 21519, at *2 (D. Del. Jan. 2, 2024) (finding *Rooker-Feldman* doctrine barred plaintiff's claims challenging state court foreclosure action and eviction judgment that granted writ of possession); *Pittman v. Viamonte Invs. Grp., LLC*, 855 F. App'x 292, 295 (7th Cir. 2021) ("[T]here is no federal subject-matter jurisdiction over Pittman's claims for injuries caused by the state court judgment in the eviction proceedings. This covers the majority of his claims because it was the state court that caused his primary injury: the eviction and its collateral effects." (citations omitted)); *Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 131 (3d Cir. 2013) (affirming abstention under, *inter alia*, *Rooker-Feldman* where plaintiff asked district court to enjoin and review state court proceedings concerning a writ of possession). Lerner's case, which is predicated on the harm caused to him by the state court's judgment, will be dismissed for lack of jurisdiction.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Lerner leave to proceed *in forma pauperis* and dismiss his Complaint for lack of jurisdiction.  Because the Court concludes that amendment would be futile, Lerner will not be given leave to file an amended complaint.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")  An appropriate Order follows, which dismisses this case.

                                                                        **BY THE COURT:**

                                                                        **/s/ Chad F. Kenney**
                                                                        _____
                                                                        **CHAD F. KENNEY, J.**